We'll hear argument first this morning in Case 15-109, Simmons v. Himmelreich. Mr. Martinez. Mr. Chief Justice, and may it please the Court. When an FTCA action is dismissed under Section 2680, the resulting judgment of dismissal triggers the judgment bar for two basic reasons. First, the bar applies to any FTCA judgment, and a 2680 dismissal counts as a judgment under any sensible definition of that term. Second, 2680 dismissals implicate the bar's core purpose, which is to protect the government, its functions, and its employees from the burdens and disruptions associated with multiple lawsuits over the same subject matter. Sotomayor That is, meaning the only claims that are exempted under the Act are Bevin's claims, which are constitutional violations. Why is it that an employee who has committed a constitutional violation is now immune from suit merely because the plaintiff's lawyer made a mistake and didn't file a Bevin's claim first? Mr. Martinez Your Honor, the core purpose of the judgment bar, as this Court recognized in Will v. Hallett, is to protect the government from having to litigate multiple  And so we can't do that. But you didn't litigate multiple times here. The exemption applied immediately, and the case was over. Mr. Martinez With respect, Your Honor, we did litigate multiple times. The FTCA case was brought. It was pending for over 3 years. The plaintiff's lawyer Sotomayor The Bevin's claim was brought shortly thereafter. They were both simultaneously pending before the Court. Mr. Martinez Right. Sotomayor If the Court had elected to address the Bevin's claim first, the bar would have been avoided. Mr. Martinez Well, I think the two cases were brought in two different actions. One was brought several months after the other. And the FTCA action, which is the one that obviously Congress was considering when it enacted the judgment bar, was one that took over 3 years to conclude, counting the three different appeals that the plaintiff took to the Court. Sotomayor Still doesn't answer my point, which is the district court had chosen to answer the Bevin's claim first. There would be no bar in place. Mr. Martinez Your Honor, I think that in that case it's true that the Bevin's claim, in theory, that the Court could have addressed that. But in most Bevin's cases, and in this Bevin's case, although it hasn't yet been litigated, the employee is going to raise defenses like qualified immunity and other defenses on the merits. They are going to take a long time for that claim to get resolved. Sotomayor That just means that we're giving district courts the option to foreclose or close the courtroom door because the work is too hard to get to? Mr. Martinez No, not at all, Your Honor. The courtroom door is never closed to the Bevin's claim. And the plaintiff could have brought his Bevin's claim at the outset. He could have litigated the Bevin's claim without bringing the FTCA claim. I think what's important to realize here is that what Congress did when it enacted the FTCA was essentially create a new remedy and offer a bargain to tort victims. And it said, look, we're going to create a brand new remedy directly against the United States for money damages. It's a great deal for you, but if you accept the deal, if you accept the bargain and you choose to bring an FTCA case and then you choose to litigate that case all the way to judgment, you can't turn around and seek relief under a totally separate claim involving the same facts. Now, that's a very sensible and fair bargain. It can't be brought against the government. I mean, the Bevin's claim was specifically saved out of the Westfall Act so that the employee would have a Bevin's claim. The Bevin's claim is exclusively against the employee, with no Bevin's liability on the part of the government. So if you follow the ordinary rules of claim preclusion, there would be no preclusion here, because there was no possibility of bringing the Bevin's claim against the government, and claim preclusion would apply only to claims that could have been brought. So if you couldn't have brought the Bevin's claim against the government, it would have to be a separate claim. Your Honor, I think that the judgment part doesn't merely embrace a rule of res judicata. It embraces a different rule that turns on the application of a judgment. Now, with respect to what Congress did in the Westfall Act, there's no question that Congress wanted to preserve the option for the plaintiff to bring a Bevin's claim, and there's nothing in our theory of this case that precludes the — that would preclude the Bevin's claim at the outset. But it's very interesting, and I think it's very telling, what Congress did in the Westfall Act. As you adverted to, in section 2679b2 of the Westfall Act, Congress specifically said that the exclusivity provision that it had enacted in 2679b1 would not apply to Bevin's claims. And so it expressly carved out an exception for such claims. But when it did that, it did not carve out a similar exception for Bevin's claims to the judgment bar, which is the separate provision in section 2676 that's at issue in this case. And so Congress created an exception to essentially say to plaintiffs, you can still bring your Bevin's claim at the outset, but it didn't disrupt the original bargain at the heart of the FTCA, which is that once you bring an FTCA claim, once you litigate that claim all the way to judgment, you can't try to take a second bite at the apple by having a separate claim pending at the same time. Alitoso, you would have a nice, clean textual argument if you were willing to argue that judgment means judgment, it means any judgment. But in your reply brief, you say that perhaps a technical or procedural judgment is not a judgment under the judgment bar provision. So what does that mean? What is a technical or procedural judgment? So I think, first of all, I think our primary position is that judgment does mean judgment in the sense that is defined. I think we give nine different dictionary definitions at pages 19 to 20 of our brief. And I think it's we think the most sensible reading of judgment is the way it's ordinarily used in legal parlance. Now, that said, we do acknowledge in our reply brief that a couple of those definitions, including the ones that we reproduced, we weren't trying to cherry pick definitions. We just reproduced, I think there were six of them from Black's Law Dictionary from 1933 that we reproduced. And I think three of those definitions seem to say that a judgment has to resolve issues of the party's rights or issues of liability. So it's possible, again, we don't think this is the best reading, but it's possible if you only applied one of those three definitions that maybe certain kinds of dismissals that are based on curable procedural defects that really don't get to the liability issue in the case at all, it's possible that those might not count as judgments. But we don't think this case presents that. Alito, why wouldn't a dismissal for lack of jurisdiction be a procedural judgment? I think in many cases a dismissal for lack of jurisdiction could well be a procedural judgment, but not in this case, because 2680 dismissals are special and unique insofar as they are jurisdictional, as both parties agree, but they are also substantive, as this Court has said many, many times over and over again in cases like Indian Towing, in cases like Levin, most recently just a few terms ago. And so when the Court says, looks at an FTCA case, and the Court says there is no liability here for the United States Government and gets rid of the case, even if it puts the jurisdictional label on the dismissal, if it adjudicates the case under 2680, it's making a substantive determination that there's no liability. And I actually don't think that my friend on the other side would disagree with that. I think in his own brief in pages 11 and 12, he makes clear that a 2680 dismissal means that there is no liability for the United States Government. Ginsburg No liability on the part of the Federal Government under the FTCA, but it is no judgment at all with respect to the Bivens claim, which depends on the employee's conduct. There's been no adjudication at all of the employee's conduct in the first action. Right. The first action often will not even involve a Bivens claim, but I think the question the reason we're discussing this particular point is because we're trying to figure out what the meaning of the word judgment is in section 26 of the FTCA. And so we're trying to figure out whether the adjudication of a particular FTCA case would qualify as a judgment. And I think there's no question that when an FTCA case is adjudicated and is conclusively resolved in favor of the government on the basis of one of the 2680 exceptions, it's true that that's jurisdictional, but it's also a substantive adjudication of the claim. Kagan. Kagan. Kagan. Kagan. If I could ask you about the what I take to be the Respondent's primary argument in the case now, which is the meaning of this phrase, the provisions of this chapter in section 1346B shall not apply. Yes. And of course, that would include the judgment bar. So if you take that provision for all it's worth, it says that the judgment bar shall not apply. So what is your response to that? Well, I think we have two responses. Our main response, and this is the one that we developed the most fully in our reply brief, is that that language does not mean what he says it means. We think that that language means what this Court has essentially said in a number of cases, most clearly in the Dolan case involving the Postal Service about ten years ago. And what the Court said there was that the 2680 exceptions, that whole provision set forth exceptions to the government's to the United States' waiver of sovereign immunity. And it identified that waiver of sovereign immunity as being effected in two different provisions of the FTCA. That's 1346B, the jurisdictional provision, and 2674, the liability provision. So we interpret that introductory language the way this Court has interpreted it in cases like Dolan. It said the same thing in Levin. Kagan.              Kagan. Kagan. Kagan. Kagan. Kagan. Kagan. Kagan. Kagan. Kagan. Kagan. Kagan. Kagan. Kagan. Kagan. So that's a real shift in what the language actually says. Well, I think I would say two things to that, Your Honor. First of all, we think that's consistent with the way that the Court has interpreted 2680 in the prior cases like Dolan and Levin that I just mentioned. But more fundamentally, I think the Court already considered and rejected this exact argument about the introductory language, the shall not apply language. And it rejected that argument in the Smith case, United States v. Smith. Now, that case at the time, I think that's consistent with the way that the Court  Sotomayor, did you point out where in that case we explicitly addressed that language and rejected it? You didn't explicitly discuss that language, but the holding of the case was that one of the provisions of this chapter, 2679b, did apply to a 2680 claim. And so that's obviously inconsistent with the idea, the argument that Respondent makes, which is that none of the other provisions of this chapter apply. And if I could just – sorry, Justice Kagan. I just wanted to emphasize in response to Justice Sotomayor's point, Justice Sotomayor suggested that maybe the Court didn't address it explicitly, and that's true. But I want to emphasize that the parties did raise this argument, and we briefed this argument at some length in our merits brief. So 2679 is different, though, right? Because 2679, the text of it says that the exceptions shall be applicable to FTCA actions. So although the Court didn't directly confront this issue, what it might have said if it had confronted the issue was something like, well, 2679, which comes along later, and says all the exceptions are applicable to FTCA actions, essentially says – creates an exception to the general rule of inapplicability. I think that that would not be the best reading of Smith, because I think that would suggest that the Court saw some sort of conflict between the umbrella language, the introductory clause, and section 2679d4, which is what you're talking about. I actually think section 2679d4 helps us, because what it shows is that Congress shared our understanding of what the shall not apply language means. Congress enacted section 2679d4, which is the one that says the exceptions do apply to section 2679b cases. Robertson, You mentioned a moment ago that you extensively, the government extensively briefed this question. Did you mean in Smith? We briefed it in Smith, Your Honor, and so the Court said nothing about it. No, the Court's holding was. I know the Court's holding, but in terms of the analysis of it, the Court did nothing along those lines. Right. Just to step back, let me set the stage. So in Smith, the plaintiff in that case had made the shall not apply language argument that Respondent makes here. He made it in his brief in opposition to certiorari. It was made at page 21. The government then devoted a significant chunk of its brief, pages 19 to 24, to refute that argument. And I think probably because the government made a fairly compelling case, the plaintiff then asserted that argument only in one page of his response brief at page 44, and then he raised it at oral argument on page 35. And if Respondent's theory were correct, that would have meant that Smith would have had to come out the other way. Why? I thought, may I be, I don't understand that, but I thought the question in Smith,  Yes. Breyer. And they said that the employee, did they hold, end up holding, that the employee could not bring the suit? That's right. And it said that, so the suit happened to be brought up. The employee could not bring the suit. And one of the reasons is because the Bivens action, which that was, is accepted from the Westfall Act, or is except, there's an exception for the Bivens, but there's a preface of some kind. As I recall, Your Honor, the, the Why would it have had to come out the other way? I mean, if the Act didn't apply, if the whole thing didn't apply, if the chapter didn't apply, if the FTCA didn't apply, including the exceptions from the FTCA, then how could the employee have, why would it have come out the other way? I don't, I don't recall exactly whether it was a Bivens claim, but I don't believe it was a Bivens claim. I think essentially what happened was the case was a case under 2680 because it involved a tort that happened overseas. And the question in the case was whether the substitution provisions, I think it was a State tort or some other cause of action, the question was whether 2679 B, C, and D's substitution provisions would apply to that claim. Breyer, What I'll do is I'll read that five times. I mean, this is a very complicated, it's like Abbott-Gostello and so forth, but by the time you get through these statutes, okay, I'll read that, I'll read it several times, I will absolutely take it in. Suppose I come to the conclusion that Smith, like so many of our cases, deals with a certain number of issues and maybe there were alternative grounds and we didn't get to them, and I conclude that Smith, in fact, is not a bar to the argument that the other side is making. On that assumption is the case over and they win. Because? No. And just to tie off the point, I think that it's, this was not an issue of whether there were maybe alternative grounds. This was the square issue in the case. The case could not have come out the way that it did. Breyer, I understand you think Smith is the end of it, and all I'm saying is one of the things I'm paid to do is read those cases and then I have to reach a conclusion of whether Smith is the end of it. If it's the end of it, you win. Right. Now, if it's not the end of it, do you lose? No. We don't lose for a number of reasons. First of all, the arguments that we made in Smith, so even if Smith were not on the table, that's the hypothesis. I think the arguments about 2679b1 that were at issue in Smith, I think the government's brief in Smith was absolutely correct. And 2679b1 clearly applies to cases involving claims that fall into the 2680 exceptions. We think that's true as a matter of the text of the FTCA. But even leaving 2679b aside. Breyer, this is the language that's sort of hanging me up. The provisions of this chapter shall not apply to cases that are based on the exercise or performance of the failure to exercise or perform a discretionary function. Shall not apply to. Okay. It looks pretty good for you. But over here, it says the judgment bar shall constitute a complete bar. That's very good for you. It just said it didn't apply. It says this chapter does not apply. I think it says the chapter doesn't apply. And that's in the chapter. A couple of responses, Your Honor. First of all, just as a textual matter, we think that the 2680, what that language says is that the provisions of the chapter don't apply to categories of potential claims. So the word is they don't apply to claims. The judgment bar doesn't operate on the basis of claims. It operates on the basis of judgments. It talks about an FTCA judgment. A judgment and a claim are obviously different. A claim is an assertion of a legal right before it's been adjudicated or while it's being adjudicated. Kagan. That's slicing the baloney pretty thin. I mean, you know, they're trying to set up language that applies to a whole bunch of different provisions and saying, you know, all of these provisions don't apply in the context of lawsuits, basically. I think that even if you think that's slicing the baloney too thin, I don't think you need to resolve the case on the basis of that argument, because I think there are two additional very strong reasons to reject their reading of the introductory clause in addition to Smith, which we've already talked about. The next reason is that it's that that reading of Smith is inconsistent with numerous other provisions of the original FTCA. Justice Kagan, you just said that, you know, the plain text seems to say that they wanted to exempt 2680 claims from all of the provisions of the FTCA, and arguably that's what the literal language seems to say. But if you look at the original FTCA, that cannot possibly be what that language means. And so let me point you just to four different provisions of the original FTCA that don't seem to make sense under that reading. The first of those provisions is section 402 of the original FTCA, and we've reproduced that at page 10a of the appendix to our brief. Section 402 is the definitional provision, which defines certain key terms for use throughout the FTCA, and it defines several terms that are used in multiple places within 2680. So if Respondent's theory were correct, that the other provisions of every other provision of the FTCA doesn't apply to 2680 claims, those definitions wouldn't  That's what it says. Kagan. Kagan. Now, that's why the Respondents use an argument very much like the one that you just used. They say definitions don't apply to claims. Isn't that right? Well, I think if it's slicing the bologna thin for us, it's slicing the bologna thin for them. And the good news is that the good news is that it's a wash. The good news for us is that we have three other provisions that I think also don't make any sense based on their reading. And so if you look at section 411 of the original FTCA, and that's at page 12a of our brief, section 411 is the one that applies the Federal Rules of Civil Procedure. Now, obviously, the Federal Rules of Civil Procedure is supposed to be used to adjudicate claims that fall within 2680. But on their reading of the statute, the Federal Rules of Civil Procedure would appear not to apply. If you look to the very next page and the very next provision. Alito, wouldn't they apply anyway? Do you need a provision specifically saying that they would apply? I think you probably didn't, but Congress seemed to think that you did. And in all of the other statutes, like the Tucker Act and like the Suits and Admiralty Act, where Congress was waiving the sovereign immunity of the United States, it thought it needed to set forth a specific provision in the statute waiving sovereign immunity, applying the civil rules. And, in fact, the Fifth Circuit in a case just 5 or 6 years before the FTCA was passed had said that the rules would not apply to a Tucker Act claim. So I think Congress was – clearly had this problem in mind and was trying to address that. Breyer. And why is that bad, though? I mean, look, what this – as I read it simply, if I can, you look at the top of 2680. The provisions of this chapter shall not apply to, and then we have a long list. One of them is an action rising a claim based on a foreign country. So I bring a lawsuit. I was hurt in Mexico. This says the FTCA doesn't apply. And so you say, you know, if it doesn't apply, that means the definitions don't apply. So I say, fine, it doesn't apply. And if I say the rules of civil security don't apply, fine, nothing applies. You don't have an action. But if you file the action anyway, and then the Court is adjudicating the action, and at issue in the action is whether, for example, the action involves a Federal agency, which is a defined term, or an employee of the government, which is a defined term, then you would have to – ordinarily, you would think that the definitional provisions would shed light on that question. And so if you are correct, though, that the definitional provision doesn't apply, then you wouldn't know where to look for the definitions. And if you were to lose that case, and if the government were to win and you wanted to take an appeal, your right to appeal is also one of the provisions of this chapter, and that's section 412a of the original FTCA, and that's reproduced at page 13a of our brief. And so there's a – the FTCA created a special appellate review provision that essentially gave parties an option to take an appeal either to the circuit courts or to the court of claims. So it's a special FTCA-specific provision. But under Respondent's theory, that appeal provision wouldn't apply because it's one of the other provisions of this chapter. And then the final provision I want to point to is that's what Respondent says, and he says that this, of course, makes perfect sense because Congress didn't want the court of claims to be adjudicating the applicability of the 2680 exceptions.   option. First of all, if the government were to lose with respect to 2680, the case would go forward and be resolved on the merits, and maybe the government loses that, too. It could then take an appeal to the court of claims, at which point the court of claims would be confronted, if the government appealed the 2680 determination, with exactly the kind of 2680 issue that Respondent says the court of claims wasn't supposed to be considering. Moreover, when Congress recodified the FTCA's appellate review provisions in 1948, just two years later, it sent the provision allowing appeals going to the court of claims to 28 U.S.C. 1504, which is a different provision. It's not a provision within Chapter 171. But there, when it said what the court of claims jurisdiction was, it said that the court had jurisdiction over any action brought under the FTCA, in other words, actions that were that potentially implicated 2680. Now, we agree with Respondents that the recodification didn't change the meaning of the original FTCA, but what that means is that Congress contemplated both before and after the recodification that all of these issues would be able to go to the court of claims if the parties agreed. Breyer, I'm sorry, but I broke into what you were saying. You were reading it wrong. So just to recap, the definitional provision, section 402, the rules of civil procedure provision, section 411, the appellate review provision, section 412a, and then the one that is both true, a problem as of the original FTCA, and it creates massively disruptive consequences with respect to, in practical terms today, that's section 423 of the original FTCA, and it's the provision that's now codified at section 2679a of the current FTCA. So let me just say a word about this provision. Roberts, that's the one on 16a of your brief? You can also look at the current version, and I apologize for the confusion. You know, there are a lot of statutory provisions in this case. The current version of 2679a is at page 3a. Now, this is yes. Kagan. Of the other three, which ones are still current today? So the definitional provision is still there. The Federal rule of civil procedure provision is not there. The appellate review provision, interestingly, has been or has been sent to a different provision, has been sent outside of chapter 171. The one that matters the most is section 2679a, and that's the provision that says that the FTCA is the exclusive remedy and precludes State tort suits against agencies that would otherwise have been suable under their sue-and-be-sued authority. And the idea behind that provision is to put essentially all Federal agencies on the same footing, whether or not they have independent authority to sue and be sued when it comes to tort claims. If under Respondent's theory, section 2679a's protections did not apply to 2680 claims. And what that means is that agencies that have sue-and-be-sued authority are now subject to such claims. Now, that would, in very practical terms, would massively expand the United States Government direct liability for entort. And I think the biggest problem and the most concrete example I can give you is with respect to the Postal Service. Now, we know from section 2680b of the FTCA that Congress wanted to eliminate the possibility that the Government would be liable for the loss of mail or for the negligent transmission of mail. But the Postal Service has independent sue-and-be-sued authority. So if 2679a, as Respondent says, doesn't apply, then what that means essentially is that the Postal Service can now be sued under his theory for negligently transmitting the mail. Sotomayor, but how does any of this save you from an individual suit? Meaning, under any reading you give this provision, an individual who chooses not to go under 1346 and simply sue the individuals involved could do that, either under a Bevin's claim or under the Administrative Act, et cetera. What you're saying is you have the opportunity as the United States to step in if you choose, is that it? If a Bevin's claim is brought, then the judgment bar would have no operation. But that is consistent with the purpose of the judgment bar, which is to ensure that a suit is only brought once. And I think the final point is that there is no way to go under 1346, but it's a very simple case. Sotomayor, putting that aside, how does your reading save you from all of this definitional discussion we've had for the last 5 minutes? If it still doesn't happen or can happen, why does the reading being proposed by the other side create a difficulty? Well, I think if the Bevin's claim can be brought, then the Bevin's claim is brought against the individual employee. So the United States Government is not liable for, you know, to take the example we set for the negligent transmission of mail. And if the Court's — unless the Court has questions, I'll reserve my time for rebuttal. Roberts. Thank you, counsel. Mr. Vergonis. Mr. Chief Justice, and may it please the Court, through Section 2680 and the judgment bar, Congress has established a fair and sensible statutory scheme where the government accepts derivative respondeat superior liability for the torts of its employees. A plaintiff who tries his claim against the government may not seek a second bite at the apple or a duplicative recovery by suing the employee personally. That's the fair bargain. But where the United States has not waived derivative liability, the judgment bar is not a gotcha provision that prevents a plaintiff who sued the wrong defendant from thereafter suing the correct defendant, the primarily liable employee. Those claims are outside of the bargain. And the shall not apply directive of Section 2680 makes this perfectly clear. As some of the justices recognized during counsel's presentation, that language says that the other provisions of the Act shall not apply. This unambiguously includes the judgment bar. And there's no inconsistency between that understanding of the shall not apply language and any of the other clauses or any of this Court's cases. Alito, it can't be read in a strictly literal sense, because then 2680 itself wouldn't apply. Well, that's somewhat circular, Justice Alito. It says that. Alito, that's one way that we're out of a purely literal reading of this. I think it says the FTCA shall not apply to these provisions. It has to apply to itself. No other – the literal interpretation is not inconsistent with any of the other provisions not applying, and it's not inconsistent with this Court's decision in Smith. In Smith, this Court focused on the language of 2679b, which said Westfall Act claims shall be subject to the exceptions. That language, combined with legislative history that Smith examined, where Congress said if a claim is barred against the government, it's also barred against the employee, was sufficient to resolve Smith. Alito, it could be explained on the absurdity rule, could it not? Smith doesn't need to be explained on the absurdity rule. Smith has plain language, later enacted language that governs over the earlier enacted shall not apply. Alito, well, the whole point of the Westfall Act was to allow substitution. So if that didn't apply, then there wouldn't be substitution and there would be no point in having the Westfall Act. Correct? Well, certainly you can look at it that way. So, yes, I mean, for a provision to overcome the literal language of the shall not apply directive, you would need an absurd result from following it in order to overcome the language. Maybe you had the absurd result in Westfall or any of these other provisions that could justify it, but there's no – they point to no absurd result that can overcome the import of the plain language in this case. What about if you look at the definitional provisions, okay? 2680 has a lot of terms that would be subject to some litigation or confusing. Who's confusion? Who's an employee of the government? Is the provision construed to include a contractor? Those are all spelled out in the definitional provision. Now, under your argument, those definitions are off the table, and you can litigate for days on end about does this cover a contractor of the United States. And you're saying, well, normally you'd say, well, let's look at the definition, and it says, well, yes, it says that right there. But under your argument, no, the definitions are not included. No, we think the definitions are included because definitions govern statutory terms. They don't govern claims. And I don't think, with all due respect, that that's slicing the baloney thin at all. The definitions apply to the terms, and the 2680 accepts claims. Roberts, it's a provision of the chapter that says under your reading, which is a strict literal one, that it shall not apply. Those provisions shall not apply to any claims. Okay. Well, somebody brings a claim against a contractor of the United States, and, again, you're saying, well, we don't look to the definitions in the Act to determine who's a contractor of the United States because that provision doesn't apply. Well, you can look to the definitions to understand what 2680 says, and then once you have that understanding, the other, the substantive provisions don't apply. And I'll give an example. Federal Rule of Evidence 1101 states that these rules do not apply to a certain category of cases, including preliminary proceedings in a criminal case. Federal Rule of Evidence 101 defines what a criminal case is. Nobody would say it's inconsistent with the do not apply directive of Federal Rule of Evidence 1101 to read the definition of a criminal case to figure out when the Federal Rules of Evidence don't apply or that that somehow gives license to courts to then decide which other rules do and do not apply. None of the rules apply to certain aspects of a criminal case, but you can refer to the definitional rule to understand what a criminal case is. Roberts, what about the review provisions? Those seem to be a particular, particularly problematic aspect. The review provisions, I take it, don't apply either. They don't. And are you talking about the appellate review provisions? The 13a, section 412. Yeah, 412 is the appellate review provisions. The decisions were appealable to the circuit courts through the predecessor to 28 U.S.C. 1291, which was Judicial Code section 128. So parties could rely on that to appeal to the circuit court. So the special review provision to the court of claims did not apply to 2680 dismissals, and we suggest that that was sensible because Congress could have wanted judgments against the United States, money judgments against the United States primarily to be reviewed by the specialized court of claims, but to have ordinary dismissals under 2680 jurisdictional dismissals reviewed in the ordinary course by the circuit. Breyer, I can see that, but what about his fourth? That is, imagine a plaintiff and the plaintiff brings a lawsuit against the post office for negligence. The government's defense is that this is a discretionary function, a particular thing. And the plaintiff says, you're right, it's a discretionary function. And now it's dismissed. All right. Now, if the last thing he read doesn't apply because it was a discretionary function and fell within 2680, they then could sue the post office on the basis that the post office has independent authority to sue or be sued. And it's hard to believe, he says, that Congress somehow, when they pass these words does not apply, suddenly wanted to revive all kinds of suits against, for example, the post office, which otherwise would have been barred by that last provision that he read. And the post office is a great example, Your Honor, because when Congress enacted the sue-and-be-sued clause for the post office, they inserted another provision now at 39 U.S.C. section 409, which said that tort claims against the post office shall be subject to the provisions of the Federal Tort Claims Act. Breyer. So we don't have to worry about the post office, so it's an example that he gave. But there may be others. I mean, sue-and-be-sued is a fairly, I mean, do we know what we're talking about? I like to try to know what I'm talking about. And do we know here what the reach of exempting that last provision from, just erasing it in a discretionary action suit will be? Fisherman. Two answers to that. The discretionary function exception is a common law exception, so it may be that suable agencies have that defense available to them anyway. It existed before the FPCA was created as a common law defense. So the suable agencies who could be sued again can raise other defenses. As this Court held in FDIC v. Meyer, just because a suable agency can be sued on a claim doesn't mean that the claim exists against the suable agency. And three of the exceptions under 2680 are suable agencies themselves. So if you read 2679 as applying to the exceptions, their reading of the statute, you create a situation where, say, the Panama Canal Company is sued. Well, 2679 on their reading bars that suit against the Panama Canal Company and makes the FTCA exclusive. But then 2680 under the FTCA bars the claim against the arising out of the activities of the Panama Canal Company. Breyer. So you're – can I boil – are you saying this in essence? Even if there are other provisions that aren't erased, even if there aren't, this particular erasure means that in an action that is dismissed, an action against the government, for the reasons listed in those exceptions, for example, a foreign country, a discretionary exception, in such an action you can sue the employee, where ordinary principles of res judicata wouldn't bar you from suing the employee. After all, it's a different party. That is your point. And you can only sue the employee today on constitutional tort claims under Bivens. But you're saying any claim, if it falls within – if the reason for the bar, if the reason for the dismissal falls within the exception. And if they wanted to change that, they should have said so. That's exactly right, Your Honor. And – and – Is that another way of saying that the judgment bar applies just to judgments on the merits, or is that somewhat different from your argument? That's one of our arguments, Your Honor. We get to the same result through – It's not the same as the argument you just made? Because I'm curious to know, if we think Smith was an interpretation of 2680 and you had to get around Smith and it's awkward to do it, what's your second argument? Is that the argument you're now making to Justice Breyer, or is that different from saying that what we're talking about is judgment on the merits? Well, as I – as I understood Justice Breyer's question, it was the consequences of our argument, and our three arguments lead to the same consequences. But, yes, Your Honor, we take the position that judgment means a judgment that would under the common law have preclusive effect. So if you move away from the shall not apply language, which we think is the most straightforward way of resolving this case, and to the language of the judgment bar itself, we have two arguments under the judgment bar. One is that the judgment bar is only triggered by an action under Section 1346b. And again, the shall not apply language says 1346b shall not apply to the accepted claims. Therefore, this is not a judgment – a 2680 dismissal is not a judgment under the FTCA. Ginsburg's argument that once you get wind that a 2680 exception is going to get the government off the hook, before a judgment is entered, which might raise the judgment bar, you can voluntarily – voluntarily dismiss your own judgment bar, and you can drop your case against the government, so you won't face a judgment. You can amend your complaint, if you sued them both originally, to drop the government, or you can take a voluntary dismissal. What – how do you answer that? Fisherman, I think once you've – once they've answered the complaint, Your Honor, I don't think the plaintiff can just dismiss or amend the complaint without seeking leave from the court, which may result in a judgment of dismissal, even a judgment of voluntary dismissal, as I understand their view, that judgment means any judgment would trigger the judgment bar under that rating. So to return to Justice Kennedy's question, on judgment in particular, we think it incorporates principles of res judicata, and the Court has looked to principles of res judicata to inform the word judgment in other contexts. In the relitigation exception to the Anti-Injunction Act, the Federal courts are empowered to enjoin State court proceedings to protect or effectuate judgments of the Federal courts. And this Court has viewed that as – viewed judgment there as incorporating principles of res judicata, and only judgments with res judicata effect can be enjoined under that relitigation provision. And I think that's a great analogy to this case. Kagan.  Kagan. Could I take you back to the shall not apply language for a second? When you were speaking to the Chief Justice, you said, well, the definitional section will continue to apply because definitions apply to terms and not to claims. But then Mr. Martinez said something very similar to that. He said the judgment bar applies to judgments, not claims. So if you are right as to that, why isn't he right as well? And the consequence of his being right was – is that he would have taken the judgment bar out of that sweeping shall not apply language as well. Yeah. The judgment bar actually uses the language of claims. It says the judgment shall constitute a complete bar to any action by the claimant by reason of the same subject matter against the employee whose act or omission gave rise to the claim. So the judgment bar is talking about barring a claim. A claim – a claim under the FTCA can be brought vicariously against the government as employer. It's agreed to subject itself to respondeat superior liability on the claim. Where these claims are accepted, you know, the – ordinarily the judgment bar would then say if you have a judgment, the claim can't be brought against the employee. 2680 says it shall not apply to these sorts of claims. So when you have an intentional tort claim for which the government has not accepted respondeat superior liability, the bar on bringing that claim against the employee does not apply. So it's not the context of where you need to read a definition in order to sensibly apply the words of the provision. It's actually an operative provision that operates on a claim, and it's in this case excluded by the shall-not-apply language. Alitoso, to go back to the point you were making before, under your interpretation, does the judgment bar add anything to principles of claim preclusion? We think so, Your Honor. We think that's a – understanding the principles of claim preclusion that were in existence in 1946 is a key. It was in existence in 1946, but today it would be superfluous. Today it may be superfluous with modern principles of res judicata where we've developed nonmutuality and defendants are able to assert defensive uses of res judicata. But at the time, and I think this is a strong contextual clue of what Congress was trying to accomplish with this provision, a judgment against an employee would be preclusive against a claim against the employer on the same subject matter. And that's because of reasons of potential indemnification by the employee owed to the employer, so that the employee could potentially be sued twice on the same claim, once by the plaintiff and once by the employer seeking indemnification. But it did not operate the other way. A judgment in 1946 under the restatement against the employer didn't bar the plaintiff from then suing the employee. So the judgment bar fills this gap and explains the unidirectionality of the statute. It explains why Congress enacted a bar that bar suits against the employee, but didn't enact a bar the other way, that bar suits against the government. But it is obsolete in the sense that modern res judicata law would take care of the – it wouldn't matter whether you sued the government first or the employee case first. It would be preclusive because you've adjudicated the grounds of liability. That's right. A case that's tried on the merits would be preclusive against either, under my understanding of modern preclusion principles. It would not have then. And this case, this type of case, where a claim is dismissed on a jurisdictional ground that the government hasn't accepted responding at superior liability, doesn't involve any adjudication of the substantive merits of the singular tort claim that the plaintiff's, you know, the injury the plaintiff suffered. He tried to bring the case against the government, but it fell outside of the bargain. The government at the threshold is found not to have accepted responding at superior liability on this claim. Alitoso, do you want us to decide this case based on a literal reading of 2680, but the Sixth Circuit did not decide the case on that ground and we don't have to address that, do we? Why should we not decide whether the Sixth Circuit was correct in its reasoning and apply the same literal reading approach that you recommend to 20 to 2680 to the judgment bar and hold that a judgment is a judgment and not necessarily a judgment on the merits? And then, because the issue under 2680 is, as I think the argument has shown, is very complicated. Two points, Your Honor. First, I don't think the argument was waived. This is not a separate ground for relief. It's a separate argument. It's a separate – it's another ground for affirmance, correct? It's an alternative ground for affirmance, which we have discretion to decide whether we want to reach or not. I think it's an alternative argument for the same ground for affirmance. The question presented was whether a 2680 dismissal triggers the judgment bar. This case is about the interaction of two provisions, and it would be very artificial for the Court to ignore the text of one of those provisions and focus solely on the text of the other provision. Substantively, I think the term judgment is an ambiguous term, whereas the term shall not apply is not an ambiguous term. Judgment can mean different things in different contexts. It can mean different things within the different provisions of the Act. In some of the provisions of the Act, it seems to mean a ward against the government. They talk about the fee as a percent of the judgment. They talk about how the judgment is to be paid. That's 2672. So judgment is an inherently ambiguous word, and the Court would need to grapple with that ambiguity if it tries to resolve the case that way. And again, I think the issue was raised in our bio. It's logically intertwined with the question, so I think the Court really, in order to answer the second part of the question intelligently, the Court needs to address the first part of the question as well. If Your Honors have no further questions. Roberts. Thank you, counsel. Martinez. Thank you. Mr. Martinez, you have two minutes remaining. Martinez. Thank you, Mr. Chief Justice. I have two main points that I'd like to make. First, with respect to the Postal Service, it's true that the Postal Reorganization Act says that the FTCA applies to torts that involve the Postal Service, but Respondent's whole argument is that the FTCA's protections of sue-and-be-sued agencies doesn't protect sue-and-be-sued agencies from claims that involve the exceptions within 2680. And so by his own argument, the Postal Service, because if it's faced with a claim involving the negligent transmission of mail, the Postal Service would not be able to take advantage of 2679A's protections. I think the Court might want to look to the First Circuit's decision in the Davret case where it addressed this issue. It rejected Respondent's shall not apply argument, and it said that it would lead to results that Congress could not have conceivably intended, and we agree with that. The second point I'd like to make is just about the purpose of the FTCA. We think that Congress very clearly wanted to give victims a choice between suing the government and suing the responsible employee directly, but it didn't want to force the government to litigate over the same facts twice. That purpose is squarely implicated. It's not superfluous. The judgment bar is not superfluous under modern rules, because even today, if the government has to defend indirectly against a Bivens action and also has to defend against an FTCA action, the same concerns about alleviating the burdens and disruptions appear today just as they would have in 1946. So you would think that the government's choice and not obliged to defend the Bivens action. That's true, but I think when Congress enacted the FTCA, it recognized as a practical matter that the government, when it was typically stepping in to conduct the defense of employees, sued under State torts. So for all of these reasons, Your Honor, we ask you to restore the bargain at the heart of the original FTCA. We ask you to enforce the judgment bar, and we ask you to reverse the decision below. Roberts. Thank you, counsel. The case is submitted.